IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:20-CR-122-L |
| v. | |
| PING EXPRESS US LLC | |

## PLEA AGREEMENT

The United States Attorney's Office for the Northern District of Texas ("the "government"), and Ping Express US LLC, a Texas corporation ("Ping"), by and through its corporate representative, and its attorney George Milner, agree as follows:

1. **Rights of the defendant:** The defendant understands that the defendant has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt; and

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense.

2. **Waiver of rights and plea of guilty:** The defendant waives these rights and pleads guilty to the offense alleged in Counts One and Two of Superseding Information, respectively charging a violation of 31 U.S.C. §§ 5318(h) and 5322, that is, failure to maintain an effective anti-money laundering program, and a violation of 18 U.S.C. 1960(b)(1)(A), that is, prohibition of unlicensed money transmitting business. The defendant understands the nature and elements of the crime to which the defendant is

Plea Agreement – Page 1

pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose for each offense include:

   a. a term of probation of not more than five years;

   b. <u>Count One:</u> a fine not to exceed $500,000;

   <u>Count Two:</u> a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a mandatory special assessment of $400;

   d. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   e. forfeiture of property.

4. **Sentencing agreement:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree that the appropriate sentence in this case is five years of probation for each offense. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed upon terms, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5. **Rejection of agreement:** Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the

defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $800, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Ping agrees that it and its subsidiaries, divisions, segments, and affiliates will not commit any violation of United States Federal law during any term of corporate probation imposed by the Court.

8. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property seized and involved in, or traceable to, the offense, including, but not limited to, the following:

    a. Approximately $42,873.96 in funds seized from the JPMorgan Chase Bank account with number ending in 1223 in the name of Ping Express LLC.
    b. Approximately $1,385.13 in funds seized from the JPMorgan Chase Bank account with number ending in 2686 in the name of Ping Express LLC.
    c. Approximately $13,269.69 in funds seized from the JPMorgan Chase Bank account with number ending in 5397 in the name of Crusaders Health and Wellness LLC.
    d. Approximately $8,307.53 in funds seized from the Wells Fargo Bank account with number ending in 4593 in the name of Anslem Oshionebo.
    e. Approximately $369.82 in funds seized from the Wells Fargo Bank account with number ending in 4437 in the name of Blackbit LLC.

  f. Approximately $8,364.86 in funds seized from the Kasasa Tunes 0031 account at Neighborhood Credit Union for member number XXXX5691.
  g. Approximately $55,235.41 in funds seized from the Soho Business Checking account at Resource One Credit Union for member XXX1450 in the name of Fiem Group LLC.
  h. All funds seized from the account with number ending in 1891 at Silvergate Bank in the name of Wyre Payments Inc. deposited after February 19, 2020 from "5/3 BANKCARD SYS DEPOSIT; 5/3 BANKCARD; or WORLDPAY".

The defendant waives all right, title, and interest to this property and agrees not to contest that the property is subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1), or forfeiture under any other relevant statue. The defendant consents to entry of any orders or declarations of forfeiture, administrative or judicial, regarding this property and waives any and all requirements (including notice of forfeiture in the charging instrument) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 982, and 983; 21 U.S.C. §§ 334, 853, and 881; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information, evidence, and cooperation necessary for the government to forfeit this property in its entirety. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, restraint, forfeiture, storage, or disposal of this property.

  9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment against the defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the United States

Department of Justice Consumer Protection Branch and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant, the defendant's current officers or employees, or any property.

10. **Representation of Corporate Authority**: This plea agreement will be executed by a corporate representative and the defendant's attorney, George Milner. By entering into this plea agreement, the authorized corporate representative and George Milner expressly represent to the Court and to the government that the corporate representative has the consent, power, and authority to bind the defendant corporation and to sign this plea agreement and the factual resume as its representative.

11. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant, and any current officers and employees, for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 20 day of June 2022.

_____
Authorized Representative,
Ping Express US LLC
Defendant

_____
George Milner
Attorney for Ping Express US LLC

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
John J. de la Garza, III
Deputy Section Chief
Texas State Bar No. 00796455
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214.658.8682
Email: john.delagarza@usdoj.gov

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          06/20/22
Authorized Representative,                Date
Ping Express US LLC
Defendant


I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____          6/20/22
George Milner                             Date
Attorney for Ping Express US LLC